# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CHARLES ERIC STEWART,

    *Petitioner*,

    2:09-cv-01063-PMP-GWF

vs.

    ORDER

STATE OF NEVADA, *et al.*,

    *Respondents*.

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the Amended Petition (#15)  under Rule 4 of the Rules Governing Section 2254 Cases [the "Habeas Rules"].

The Amended Petition remedies a number of the deficiencies identified in the prior screening order (#7).  The Amended Petition continues to be deficient in a number of respects, however, and Petitioner did not fully comply with the prior order.  The Court will give Petitioner one more opportunity to file a sufficient amended pleading and fully comply with the orders of the Court.  If Petitioner again fails to do so, this action or particular claims therein will be dismissed without further advance notice.

First, Petitioner did not comply with the prior order directing him to attach copies of the written orders of the state courts and related state court record materials.  The prior order stated and directed:

> . . . Petitioner did not attach copies of all state court written decisions regarding his conviction, as required by the instruction on page 1 of the petition form.  Petitioner must attach all such

1
2
3
decisions.  Moreover, a substantial question exists on the present papers as to whether a number of the grounds in the federal petition are exhausted.  Petitioner accordingly will be directed at the end of this Order to file additional state court materials so that the Court may complete initial review herein.

4
. . . .

5
6
7
8
9
10
11
12
IT FURTHER IS ORDERED that Petitioner shall attach with the amended petition copies of the following: (a) the appellant's opening and reply briefs and/or fast track statement on his direct appeal; (b) the decision of the Supreme Court of Nevada on his direct appeal; (c) his state post-conviction petition or petitions and any additional papers filed by petitioner setting forth his claims during state post-conviction review; (d) the findings, conclusions, and order of the state district court on the petition or petitions; (e) all papers filed in the state supreme court presenting claims on the appeal from the denial of post-conviction relief; (f) the decision of the state supreme court on the post-conviction appeal; (g) any other motions or petitions filed in the state courts seeking collateral review of the conviction; (h) all written decisions issued regarding these motions or petitions; and (i) all remittiturs issued in connection with the foregoing.

13
14
15
IT FURTHER IS ORDERED that this action may be dismissed without further advance notice if Petitioner fails to file a timely curative amended petition and/or otherwise fails to both fully and timely comply with this Order.

16  #7, at 5 & 6.  Petitioner did not attach any of these materials with the Amended Petition.

17  Failure to fully comply with all orders of the Court will result in a prompt dismissal of this

18  action.

19        Second, a significant portion of the content of the Amended Petition is not readable on

20  the electronic docketing system.  Petitioner has not left adequate margins at the sides and

21  bottom of each page, and written material therefore is not being picked up by the scanner

22  when the document is scanned into the docketing system.  Further, Petitioner has used too

23  small of a print and squeezed the lines too closely together for much of the content to be

24  readable, particularly with the lost words on the edges of the scanned pleading.  These

25  problems are worse on Ground 3 than they are on Grounds 1 and 2.  Both the Court and, if

26  the pleading is served, the Respondents must be able to read the pleading from the scanned

27  image on the electronic docketing system.  Petitioner must leave adequate margins at the top,

28  sides, and bottom of the pleading.  He further must use the same line spacing that is indicated

by the printed lines on the petition form, and he must use a size of print that corresponds to that line spacing.  The object is not to squeeze as many words as possible into as small a space as possible but instead is to state claims that can be read by others.  From the portions of the Amended Petition that are legible, it is evident that Petitioner in fact is able to do so.

The Court will direct the Clerk to send Petitioner a copy of the Amended Petition printed from the electronic docketing system together with additional copies of the petition form.  Petitioner should review the imaged copy of the Amended Petition to see where material has not been imaged because he did not leave an adequate margin.  The Court will allow Petitioner to use up to four extra pages (rather than two) for each ground so that he will have sufficient space to state his claims.  He need not repeat the preamble to each ground ("I allege that my state court conviction . . . ") on the second and remaining pages on a ground.  The preamble needs to be stated on for the first page of a ground.

Third, the allegations of ineffective assistance of counsel in Ground 3 continue to be too vague and conclusory to state a sufficiently specific federal habeas claim.  Petitioner should review the statements at page 3 of the prior order (#7) regarding the specificity required.  If Petitioner again presents claims without sufficiently specific factual allegations, the claims in question will be dismissed.

Petitioner will be given an opportunity to file another amended petition correcting these deficiencies and otherwise complying with the orders of the Court.

The motion for appointment of counsel will remain under submission pending further review.  Petitioner should note, however, that there is no constitutional right to appointed counsel in a federal habeas proceeding.  Federal habeas cases generally are litigated with the petitioner proceeding *pro se*.  Petitioner points to the fact that he was eighteen years old when he was convicted.  Petitioner's relative youth, however, standing alone, does not provide a basis for appointment of counsel.  Petitioner was an adult when he was convicted, and he is a young adult of approximately 23 years of age at this point.  In order to pursue federal habeas relief, Petitioner must comply with all orders of the Court, and he must state legible and sufficiently specific claims.  If he fails to do so, the matter will be dismissed.

IT THEREFORE IS ORDERED that Petitioner shall have thirty (30) days within which to mail for filing an amended petition correcting the deficiencies identified in, and otherwise complying with all directives in, this order and the Court's prior order (#7).

IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended petition filed must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged in the amended petition no longer will be before the Court.

IT FURTHER IS ORDERED that Petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 2:09-cv-01063-PMP-GWF, above the word "AMENDED."

IT FURTHER IS ORDERED that Petitioner shall attach with the amended petition copies of the following: (a) the appellant's opening and reply briefs and/or fast track statement on his direct appeal; (b) the decision of the Supreme Court of Nevada on his direct appeal; (c) his state post-conviction petition or petitions and any additional papers filed by petitioner setting forth his claims during state post-conviction review; (d) the findings, conclusions, and order of the state district court on the petition or petitions; (e) all papers filed in the state supreme court presenting claims on the appeal from the denial of post-conviction relief; (f) the decision of the state supreme court on the post-conviction appeal; (g) any other motions or petitions filed in the state courts seeking collateral review of the conviction; (h) all written decisions issued regarding these motions or petitions; and (i) all remittiturs issued in connection with the foregoing.

IT FURTHER IS ORDERED that this action will be dismissed without further advance notice if Petitioner fails to file a timely curative amended petition and/or otherwise fails to both fully and timely comply with the Court's orders. This is the last opportunity that Petitioner will have to comply with the Court's orders and the last advance notice that Petitioner will receive prior to a dismissal of the action.

-4-

1       The Clerk of the Court shall send petitioner two blank copies of a noncapital Section

2  2254 petition form together with one copy of the instructions for same and a copy of the

3  Amended Petition.

4          DATED:  July 29, 2010.

5

6

7                                    _____

8                                  PHILIP M. PRO
                                    United States District Judge