**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLES ERIC STEWART,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.*,

    *Respondents*.

2:09-cv-01063-PMP-GWF

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the Second Amended Petition (#18) under Rule 4 of the Rules Governing Section 2254 Cases.

    The Second Amended Petition remedies a number of the deficiencies identified in the prior screening orders. The pleading adequately states a claim for relief in Grounds 1 and 2.

    The Second Amended Petition further provides the necessary specificity on many, but not all, of the claims of ineffective assistance of counsel presented in Ground 3.

    Ground 3 continues to be deficient, however. As noted, the ground does not provide the necessary specificity for all of the claims of ineffective assistance of counsel referred to in the ground. The main deficiency in Ground 3, however, is that the numerous different claims of ineffective assistance of counsel referred to in the ground are presented in a rambling, jumbled, and near stream-of-consciousness fashion. Some potential claims are presented only as a sentence or sentence fragment. A paragraph will start with allegations regarding one claim of ineffective assistance of counsel, and Petitioner then will start alleging

an entirely different claim of ineffective assistance of counsel later in the paragraph. Factual allegations potentially tending to support one of the claims in the paragraph then will appear elsewhere in the ground. It therefore is difficult to determine from the present pleading how many and what ineffective assistance claims Petitioner is attempting to present, what facts are being alleged in support of particular claims, and what prejudice Petitioner is alleging as to each such claim.

Petitioner needs to state coherent ineffective assistance claims supported by specific facts together with specific allegations of the alleged resulting prejudice sustained. If he does not do so, the deficient claims will be dismissed for failure to state a coherent claim upon which relief may be granted and for failure to follow the petition instructions and the orders of the Court. Petitioner will be given one additional opportunity to state viable claims in Ground 3, given that the Second Amended Petition corrected many other deficiencies.

In filing another amended petition, Petitioner must do the following.

First, he must reallege Grounds 1 and 2 in order to continue to present these claims. Each amended petition is a "stand alone" pleading. Thus, all claims that Petitioner wishes to pursue must be carried forward and realleged in the later amended petition.

Second, Petitioner must allege each separate claim of ineffective assistance of counsel *either* as a separate ground (*e.g.,* Ground 3, Ground 4, etc.)[1] *or* as a lettered sub-grounds under Ground 3 (*e.g.,* Ground 3(A), 3(B), etc.). For example, a claim that Petitioner was denied effective assistance because counsel allowed the trial to be delayed and thereby allowed the State's witness Yekaterina Khronusova, M.D. to alter her testimony is separate from a claim that counsel was ineffective for failing to clarify that traffic conditions would have contradicted Khronusova's testimony. Petitioner can expressly incorporate the allegations of one claim in another, but he must be clear as to what – and how many – particular identifiable failures of counsel provide the basis for his claims.

---

[1] To do this, Petitioner can use copies of a blank ground from a petition form, and then replace the "1," "2" or "3" with a "4", etc. for as many additional claims as he is presenting.

Third, for each such separate ineffective assistance claim, Petitioner must state the specific facts – in that claim in the petition itself – supporting that claim. For example, Petitioner claims that counsel failed to challenge and/or investigate the conflicting testimony of a number of witnesses in the case. Petitioner makes a conclusory allegation in this regard at the beginning of Ground 3, lists several witnesses and refers, only generally, to their statements. Later, at the end of Ground 3, Petitioner refers to factual particulars of various witnesses' testimony. If these factual particulars are presented in support of this particular claim, the factual particulars need to be clearly alleged with that claim.

Fourth, in this same vein, Petitioner may not incorporate other documents by reference in the petition. Petitioner must state the material facts supporting each claim in the petition itself. Thus, for example, a reference to "See Statements Attached" completely fails to state a claim. Petitioner must state the supporting facts in the petition itself. The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, Petitioner must state a claim, not merely attach exhibits.

Fifth, as to each separate claim, Petitioner must state how he was prejudiced by counsel's alleged deficient performance. See also #7, at 3-5.

Petitioner will be given an opportunity to file another amended petition correcting these deficiencies and otherwise complying with the orders of the Court.

IT THEREFORE IS ORDERED that Petitioner shall have thirty (30) days within which to mail for filing an amended petition correcting the deficiencies identified in this order.

IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended petition filed must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged in the amended petition no longer will be before the Court.

IT FURTHER IS ORDERED that Petitioner shall clearly title the amended petition as an amended petition by placing the words "THIRD AMENDED" immediately above "Petition

for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 2:09-cv-01063-PMP-GWF, above the words "THIRD AMENDED."[2]

IT FURTHER IS ORDERED that this action will be dismissed without further advance notice if Petitioner fails to file a timely curative amended petition and/or otherwise fails to both fully and timely comply with the Court's orders.

The Clerk of the Court shall send Petitioner two blank copies of a noncapital Section 2254 petition form together with one copy of the instructions for same and a copy of the Second Amended Petition (#18).

DATED: February 9, 2011.

_____
PHILIP M. PRO
United States District Judge

---

[2] Petitioner did not place the word "Amended" and the docket number in the proper places on the prior pleading.