# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES ERIC STEWART,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.*,

    *Respondents.*

2:09-cv-01063-PMP-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on Respondents' motion (#23) to dismiss. Respondents contend, *inter alia*, that the Third Amended Petition (#20) is subject to dismissal as a mixed petition because Ground 3 is not exhausted.

### *Background*

Petitioner Charles Eric Stewart seeks to set aside his October 19, 2006, Nevada state conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. He is serving two consecutive sentences of life with the possibility of parole after ten years on each such sentence. He challenged his conviction both on direct appeal and on state post-conviction review.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts

completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

### *Discussion*

In Ground 3, Petitioner raises a multitude of claims of alleged ineffective assistance of trial counsel, broken down into twelve subparts, with additional subdivisions, representing distinct claims.[1] In its March 5, 2009, order of affirmance on the state post-conviction appeal, the Supreme Court of Nevada considered five distinct claims of ineffective assistance of trial counsel on the state post-conviction appeal.[2]

Petitioner contends that the Supreme Court of Nevada considered the claims in Ground 3 in its March 5, 2009, order. However, at the very outset, petitioner raises many more claims in Ground 3 than the state supreme court considered in its order. None of the distinct claims in Ground 3 presented now on federal habeas review were either presented to or considered

---

[1] #20, at electronic docketing pages 9-12.

[2] #24-4, Ex. 18, at 2-5 (at electronic docketing pages 86-89).

1 by the state supreme court on state post-conviction review.[3] Petitioner's conclusory opposition, which does not identify where the claims are exhausted in any state court filing, does not establish to the contrary. Petitioner merely repeats a number of his allegations and refers to their location in the *federal* amended petition. This presentation does not demonstrate that the claims in the federal pleading were fairly presented to and exhausted in the *state* courts. Review of the conclusory, and different, claims in the state post-conviction petition reflects that petitioner did not fairly present the operative facts alleged in federal Ground 3 to the state courts together with the legal theories raised in Ground 3.[4] The Court accordingly, following review of the underlying state court record materials, holds that Ground 3 is not exhausted.

IT THEREFORE IS ORDERED that Respondents' motion (#23) to dismiss is GRANTED, consistent with the remaining provisions set forth below, and following upon the Court's holding that Ground 3 is not exhausted.

IT FURTHER IS ORDERED that Petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the Petition, as amended, for partial dismissal only of the unexhausted Ground 3, and/or for other appropriate relief.

The entire Petition, as amended, will be dismissed without further advance notice for lack of complete exhaustion if an appropriate motion is not timely filed.

DATED: January 20, 2012.

_____
PHILIP M. PRO
United States District Judge

---

[3] Compare #20, at electronic docketing pages 9-12 with #24-4, Ex. 18, at 2-5.

[4] See #24-4, Ex. 14, at 8 (at electronic docketing page 62).