# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES ERIC STEWART,

    *Petitioner*,

vs.

STATE OF NEVADA, *et al.,*

    *Respondents*.

2:09-cv-01063-PMP-GWF

ORDER

    This habeas action under 28 U.S.C. § 2254 comes before the Court on Petitioner's motion (#31) for a stay and his second motion (#30) for appointment of counsel.

    The motion for a stay will be denied without prejudice. Petitioner's conclusory request for a stay does not satisfy the requirements for a stay under either potentially available alternative stay procedure. *See generally King v. Ryan*, 564 F.3d 1133, 1139-43 (9th Cir. 2009).

    On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

1       In the present case, having reviewed the pleadings, the two form and/or conclusory requests for counsel, and the remaining papers on file, the Court finds, again, that the interests of justice do not require that counsel be appointed. Neither the procedural nor the merits issues in this case are extraordinarily complex, and Petitioner has demonstrated an adequate ability to articulate his claims and contentions. Petitioner urges that he has tried to fill out the forms correctly but nonetheless has "failed miserably," given the Court's ruling on the exhaustion issues. However, while almost any *pro se* litigant would be better served with the assistance of counsel, that is not the standard for appointment of counsel. *Cf. Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*). Merely because Petitioner has not prevailed on an issue does not lead to a conclusion that the interests of justice require the appointment of counsel. There is no right to counsel in federal habeas proceedings, and the cases generally are pursued by inmates proceeding *pro se*.

      IT THEREFORE IS ORDERED that Petitioner's motion (#31) for a stay is DENIED without prejudice and his second motion (#30) for appointment of counsel is DENIED.

      IT FURTHER IS ORDERED that Petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the Petition, as amended, for partial dismissal only of the unexhausted Ground 3, and/or for other appropriate relief.

      The entire Petition, as amended, will be dismissed without further advance notice for lack of complete exhaustion if an appropriate motion is not timely filed.

      DATED: February 13, 2012

_____
PHILIP M. PRO
United States District Judge